**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:15-CV-00047-RLV-DCK**

| | |
|---|---|
| ROBINSON GREER, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AUTO OWNERS INSURANCE )<br>COMPANY, )<br>)<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** pursuant to a *sua sponte* review of the Court's subject matter jurisdiction. The Court has determined, based on the pleadings and Notice of Removal, as each are currently plead, that it may lack subject matter jurisdiction over this matter. Accordingly, the Defendant Auto-Owners Insurance Company is **ORDERED** to amend its Notice of Removal within **THIRTY (30) DAYS** of this Order so as to satisfy the jurisdictional questions highlighted below. If the Court's jurisdictional inquiry is not answered satisfactorily within that timeframe, the Court will order a remand of this matter to the Superior Court of Caldwell County.

### I.    BACKGROUND

On March 16, 2015, Plaintiff filed the instant lawsuit in the Superior Court of Caldwell County against Defendant Auto-Owners Insurance Company. [Doc. No. 1-1]. In the Complaint, Plaintiff seeks monetary damages resulting from the Defendant's alleged breach of an insurance contract.

Defendant's Notice of Removal alleges this Court has subject matter jurisdiction over this dispute and has invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. [Doc. No. 1] at pp. 1-2 (¶¶ 1, 4-5). In the Notice of Removal, Defendant alleges that it is formed under the laws of the State of Michigan with its principle place of business being in Lansing, Michigan. Id. at p. 2 (¶ 5). The Notice also alleges that Plaintiff is a limited liability corporation organized under the laws of the State of North Carolina and with its principle place of business in Lenoir, North Carolina. Id. Moreover, the Notice alleges that the amount in controversy exceeds $75,000.00. Id. at p. 1 (¶ 4). The Notice alleges no more jurisdictional facts than those recited herein. The Plaintiff's Complaint is no more specific regarding these jurisdictional issues. [Doc. No. 1-1].

## II.    DISCUSSION

Federal district courts are courts of limited jurisdiction. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005); United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "They possess only the jurisdiction authorized them by the United States Constitution and by federal statute." Jadhav, 555 F.3d at 347 (citing Bowles v. Russell, 551 U.S. 205 (2007)). Indeed, district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006); accord Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). The Fourth Circuit has consistently held that "before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." Miller v. Brown, 462 F.3d 312, 316 (4th Cir. 2006). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." United States v. Poole, 531 F.3d 263, 274 (4th Cir. 2008); Md. Stadium Auth. v. Ellerbe Becket, Inc., 407 F.3d 255, 260 (4th Cir. 2005).

Moreover, "[s]ubject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court *sua sponte*, at any time prior to final judgment." In re Kirkland, 600 F.3d 310, 314 (4th Cir. 2010); see McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction."); see also Snead v. Bd of Educ. of Prince George's Cnty, 815 F. Supp. 2d 889, 893-94 (D. Md. 2011). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "the court must dismiss the action" if it determines that it lacks subject matter jurisdiction. See Arbaugh, 546 U.S. at 506-07. This is because "jurisdiction goes to the very power of the court to act." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).

Diversity jurisdiction exists where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction exists when complete diversity of citizenship exists among the parties . . . ." Skeens v. Alpha Natural Res., Inc., 583 Fed. App'x 200, 201 (4th Cir. 2014). "Complete diversity" means "that the citizenship of every plaintiff must be different from the citizenship of every defendant." Schneider v. CCC-Boone, LLC, 2014 U.S. Dist. LEXIS 163663, at *4 (W.D.N.C. 2014) (Voorhees, J.) (citing Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011)); see also Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014) ("[T]he citizenship of each plaintiff must be different from the citizenship of each defendant."). Citizenship, for diversity purposes, is determined at the time the suit is filed. See Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 570-71 (2004); Jones v. CertusBank NA, 605 Fed. App'x 218, 219 (4th Cir. June 9, 2015) (per curiam).

When filing an action in federal court, "[t]he burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171

(11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)); accord Piney Run Pres. Ass'n v. Cnty. Comm'rs of Carroll Cnty., 523 F.3d 453, 459 (4th Cir. 2008). However, when an action is removed to federal court, the burden of showing diversity is on the removing party. See, e.g., Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994); Osia v. Rent-A-Center, Inc., 2015 U.S. Dist. LEXIS 82999, at *11 (D. Md. June 25, 2015).

With respect to corporations and other legally-created entities, specific diversity rules apply. Importantly, the citizenship of a limited liability company is determined by the citizenship of all of its members. See Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011); Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004) ("A limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise. It is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members." (citations omitted)). Further, a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1); accord Cent. W. Va. Energy Co., 636 F.3d at 103.

Here, it is clear that Plaintiff's Complaint raises only questions of state law and that the Court could have only diversity jurisdiction over this matter. The Complaint and Notice of Removal, however, fail to show the citizenship of the Plaintiff. See [Doc. No. 1] at p. 2 (¶ 5); [Doc. No. 1-1]. Plaintiff is alleged to be a limited liability corporation created under North Carolina law and as having a principle place of business in North Carolina. While these allegations may in fact be true, they are insufficient under federal law to establish diversity of citizenship. Rather, because

Plaintiff is a limited liability corporation, the Notice of Removal must allege the citizenship of all of the Plaintiff's constituent members. See Gen. Tech. Applications, Inc., *supra*, at 121.

Because the Notice of Removal fails to show the Plaintiff's citizenship, the Court is not able to determine whether it has subject matter jurisdiction over this proceeding. Consequently, the Court is required to remand this action, unless Defendant files an amendment to its Notice of Removal alleging sufficient facts to show the Court's jurisdiction.

### III. DECRETAL

**IT IS, THEREFORE, ORDERED THAT**

(1) Defendant file, within **THIRTY (30) DAYS** of the date of this Order, an amended notice of removal alleging sufficient facts to show the Court's jurisdiction and the citizenship of the Plaintiff.

**SO ORDERED**.

Signed: October 28, 2015

Richard L. Voorhees
United States District Judge